T.C. Memo. 1996-142

UNITED STATES TAX COURT


JOANNE SOON KIM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5279-94.                    Filed March 20, 1996.


Michael M. Gill, for petitioner.

Lisa Primavera-Femia, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SCOTT, Judge:  Respondent determined a deficiency in petitioner's Federal income tax in the amount of $16,901 and anaccuracy-related penalty under section 6662(a)[1] in the amount of $3,380 for the calendar year 1989.

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue.

Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision whether a valid Consent to Extend the Time to Assess Tax (Form 872) for the year 1989 was executed by or properly on behalf of petitioner.[2]

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioner had a legal residence in Seal Beach, California, at the time of the filing of her petition in this case. She filed a joint Federal income tax return with her then husband, Charles K. Kim (Mr. Kim), for the taxable year 1989.

Petitioner is known both as Joanne Kim and Soon Kim. During 1989, petitioner owned and operated two cafeterias, each called "Joanne's Cafe". One cafeteria was located in Irvine, California, and the other in Long Beach, California. Petitioner opened the cafeteria in Long Beach in 1985 and the cafeteria in Irvine in 1987. Petitioner was actively involved in the operation of each of these cafeterias.

On or about March 26, 1991, respondent began the audit of petitioner's 1989 Federal income tax return. Shortly after the commencement of the audit, petitioner and her husband were divorced. Mr. Kim did not reside with petitioner at 640 Taper

---

[2] Petitioner conceded at trial the correctness of respondent's adjustments to her return and her lack of entitlement to relief under sec. 6013(e) as an innocent spouse.

Drive, Seal Beach, California, after the divorce.  Petitioner lived at that address until May 1994.

On August 17, 1992, petitioner and Mr. Kim signed a Form 2848, Power of Attorney and Declaration of Representative (power of attorney), in favor of Mr. Dale Zuehls (Mr. Zuehls).  The power of attorney authorized Mr. Zuehls to perform any and all acts that petitioner could perform with respect to her income tax for the taxable years 1988 through 1990, including the authority to execute any agreements or consents in connection with her tax liabilities for the years 1988, 1989, and 1990.  Petitioner signed the form before Mr. Zuehls' name was listed as the representative, but with the knowledge that she was hiring someone to represent her before the Internal Revenue Service (IRS) with respect to her tax matters.  Petitioner was aware at the time she executed the power of attorney that her tax liabilities for 1988 and 1989 were being investigated.

Internal Revenue Agent Jackie Novella (Agent Novella) was assigned to audit petitioner's and Mr. Kim's Federal income tax liabilities for the years 1988 and 1989.  Agent Novella dealt primarily with Mr. Kim and Mr. Zuehls during the examination. Petitioner did not involve herself in the audit, and she gave any correspondence to her from the IRS to Mr. Kim unopened.

On November 17, 1992, Agent Novella sent by certified mail a Form 872, Consent to Extend the Time to Assess Tax, with respect to Federal income tax due with respect to petitioner's and Mr.

Kim's joint return for the year 1989 to petitioner's authorized representative, Mr. Zuehls.

On November 23, 1992, Mr. Zuehls sent to Agent Novella by telephone transmission a copy of the Form 872 bearing what purported to be the signatures of petitioner and Mr. Kim. On November 24, 1992, respondent received by mail the original Form 872. On November 25, 1992, IRS group manager Ms. Sandra Sturla (Ms. Sturla) signed the Form 872 consenting to an extension of time to assess petitioner's tax for the year 1989 on behalf of respondent.

At no time prior to the mailing of the notice of deficiency on December 28, 1993, did petitioner inform Agent Novella that she contended that the signature on the Form 872 was not genuine or that she did not consider the Form 872 valid.

Respondent determined in her notice of deficiency dated December 28, 1993, that petitioner and Mr. Kim had underreported income and overstated depreciation on their Schedule C and had failed to report gain from the sale of business property. Petitioner contends that the Form 872 does not extend the period of limitation to assess tax for 1989 because petitioner did not sign the form. Respondent's position is that she reasonably relied on the Form 872 and petitioner's agent, Mr. Zuehls, and, therefore, the period of limitations for the year 1989 was properly extended.

OPINION

Section 6501(a) provides in part that the amount of any income tax must be assessed against a taxpayer within 3 years of the filing of the income tax return. Section 6501(c)(4) provides for the execution by a taxpayer and the Commissioner of a waiver of the period of limitations for an agreed-upon time. A consent is valid on its face if it identifies the taxpayers, bears their signatures, identifies the year, and is dated prior to the expiration of the existing limitations period. When a taxpayer pleads the issue of the period of limitations, he makes a prima facie case by showing that the notice of deficiency was not mailed within the time provided in section 6501(a). When the Commissioner produces a consent to extend the period of limitations that is valid on its face, the burden is on the taxpayer to show that the consent is invalid or not applicable to the year involved. Adler v. Commissioner, 85 T.C. 535, 540 (1985).

Petitioner argues that the Form 872 is invalid on its face because petitioner's signature was not genuine, and, therefore, the burden of proving the validity of the consent is on respondent. We hold, however, that respondent has met her burden of introducing into evidence a Form 872 that is valid on its face. It is not apparent from the face of the Form 872 that petitioner's signature was not genuine. Petitioner testified at trial that the signature on the consent Form 872 was not her signature. Apparently, respondent does not question petitioner's

testimony that the signature was not actually written by petitioner. However, respondent does contend, based on her agent's testimony, that this fact was not apparent to any representative of the IRS who had occasion to review the Form 872. Petitioner contends that respondent should have known by examination of the Form 872 that the signature was not her signature, and, therefore, the form was invalid on its face. Agent Novella testified that both she and her supervisor examined the Form 872 and would have noted any large discrepancies between the signature on the form and the signature on petitioner's tax return, but noticed none. We find this to be credible testimony, particularly after a review of the signatures on the two documents. Therefore, the burden is on petitioner to show that the Form 872 is invalid.

Based on the record in this case, we hold that petitioner has not met her burden of proving that the Form 872 is invalid. Petitioner has made no showing of who might have signed her name to the Form 872. She did not call Mr. Zuehls as a witness but claims she did not consent to his signing her name to the Form 872. Clearly she had given Mr. Zuehls the power to consent for her to an extension of the period of limitations. The extent of an agent's authority is a factual question to be decided on the basis of facts and circumstances shown in the record. Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978). We have held that where a document is signed by the taxpayer's agent in the

taxpayer's name it is nevertheless valid, if under the facts in the record, that agent had authority to act on behalf of the taxpayer with respect to the matter covered by the document. Kraasch v. Commissioner, supra at 627. Based on the power of attorney signed by petitioner, Mr. Zuehls had express authority to act on behalf of petitioner in consenting to extend the period of limitations for assessment of tax. Also, based on this record, it appears that petitioner had given Mr. Kim authority to act on her behalf with respect to her income tax matters for 1989. She testified with respect to receipt of documents from the IRS addressed to her only, which she sent unopened to Mr. Kim. Mr. Kim was not called as a witness in this case. Petitioner did not question the validity of the Form 872 until after the mailing of the notice of deficiency. Her activities as a whole indicate that she considered that Mr. Kim had the authority to consent on her behalf to an extension of the period of limitations for 1989. Petitioner's intent was that her husband handle their 1989 income tax matters including, if needed, extending the period of limitations on assessment of tax against her, as well as himself. See Estate of Campbell v. Commissioner, 56 T.C. 1, 13 (1971).

Petitioner has not shown who signed her name to the Form 872. If it was Mr. Zuehls, he had authority under the power of attorney she signed to do so. If it was Mr. Kim, he had implied authority to do so. Certainly, by failure to question the validity of the Form 872 for an extended period of time,

petitioner has in effect accepted it as valid.  Petitioner has failed to show that the notice of deficiency was untimely sent.

Decision will be

entered for respondent.